UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT, LLC,<br><br>         Plaintiff,<br><br>v.<br><br>HTC CORPORATION, et al.,<br><br>         Defendants. | Case No.: 15cv2373-JAH-MDD<br><br>**ORDER TRANSFERRING MOTION TO COMPEL TO THE EASTERN DISTRICT OF TEXAS PURSUANT TO RULE 45(f)**<br><br>**[ECF No. 7]** |

BACKGROUND

  On November 13, 2015, AT&T Mobility LLC (AT&T) filed a Motion to Compel Acacia Research Corporation (Acacia) to Produce Patent License Agreements and Related Documents. (ECF No. 7). The subpoena, issued under Fed. R. Civ. P. 45, seeks documents from Acacia in connection with a patent case pending in the Eastern District of Texas. (Case No. 6:13-CV-00507-KNM). On November 10, 2015, responding to a query by the Court, Acacia declined to consent to the transfer of this motion to that court. (ECF No. 6). On November 23, this Court then issued a briefing schedule and

1

advised the parties that the Court would consider transferring this motion to the court where the matter is pending based upon extraordinary circumstances under Rule 45(f) after reviewing the briefs.  (ECF No. 9).

AT&T's brief, including exhibits, consists of approximately 800 pages. (ECF No. 7).  Acacia's opposition brief, including exhibits stands at approximately 752 pages.  (ECF No. 12).  AT&T's reply is a manageable 29 pages.  (ECF No. 16).  AT&T supports transfer of this case for extraordinary circumstances to the Eastern District of Texas.  (ECF No. 16 at 5-6 (the Court will use the pagination supplied by ECF rather than the original pagination)).  As explained below, this Court finds extraordinary circumstances and ORDERS this motion transferred to the docket in Case No. 6:13-CV-00507-KNM in the Eastern District of Texas under Rule 45(f).

## DISCUSSION

Fed. R. Civ. P. 45(f) provides:

> When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.

The Advisory Committee Notes to Rule 45(f) provides that in the absence of consent, the court may transfer in exceptional circumstances, the prime concern being avoiding burdens on local nonparties.  *See* Fed. R. Civ. P. 45 *Advisory Committee Notes, 2013 Amendment, Subdivision (f)*.

Acacia is not local to the Southern District of California.  Its offices, the place where it was served with the instant subpoena, are located in Newport Beach, California, within the Central District of California.  The subpoena, however, calls for production at the offices of AT&T's counsel in San Diego,

which is within 100 miles of Acacia's offices, within the Southern District of California, as permitted by Rule 45(c)(2)(A). The Court acknowledges that this Court may be more convenient to Acacia but Acacia is not within the jurisdictional limits of this Court. It appears that jurisdiction in this Court was manufactured, albeit lawfully, by counsel for AT&T.

Although technically a non-party, Acacia concedes that it is the parent company to the plaintiff, Cellular Communications Equipment, LLC, ("CCE") in the underlying case pending in the Eastern District of Texas. (ECF No. 12 at 8). The gravamen of this dispute appears to stem from discovery disputes between CCE and AT&T regarding documents sought by AT&T which CCE claims are not in their possession. Consequently, AT&T is seeking those documents from Acacia, as the parent company. The relationship between the plaintiff and Acacia suggests that Acacia is entitled to less deference regarding convenience than a true third party. Acacia appears to have an interest in the outcome of this litigation.

Finally, considering that there have been extensive case management conferences in which the very discovery sought here has been discussed, transfer of this motion to the issuing court may serve to avoid inconsistency in positions and ruling. (*See, e.g., Transcript of Status Hearing, February 26, 2014,* ECF No. 7 Exh.17 (in original is Exh. 15)). *See Moon Mountain Farms, LLC v. Rural Community Insurance Co.,* 301 F.R.D. 426, 429 (N.D. Cal. 2014).

## CONCLUSION

This Court finds that extraordinary circumstances exist to transfer the pending Motion to Compel to the docket in *Cellular Communications Equipment, LLC v. HTC Corporation, et al.,* Case No. 6:13-CV-00507-KNM in

1 the Eastern District of Texas under Rule 45(f).  The Clerk is ORDERED to
2 effectuate the transfer and close this case.
3     IT IS SO ORDERED.

Dated:   December 16, 2015

Hon. Mitchell D. Dembin
United States Magistrate Judge